IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-29-D

| | | |
|---|---|---|
| PAMELA M. NICOSIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAYMOND MABUS, Secretary, | ) | |
| Department of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

On February 24, 2016, Pamela M. Nicosia ("Nicosia" or "plaintiff") filed suit against Secretary of the Navy Raymond Mabus ("defendant" or "Department of the Navy"), alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–633 [D.E. 1]. On June 1, 2016, defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted [D.E. 11] and filed a memorandum in support [D.E. 12]. The memorandum explained that a federal employee fails to exhaust her administrative remedies if she does not file a timely Equal Employment Opportunity ("EEO") complaint and explained that Nicosia's EEO complaint was untimely. See, e.g., Campbell v. Geren, 353 F. App'x 879, 881 (4th Cir. 2009) (per curiam) (unpublished). On June 27, 2016, Nicosia replied, conceded that her EEO complaint was untimely, but nevertheless argued that the court should extend the 45-day deadline under 29 C.F.R. § 1614.105(a)(2) [D.E. 16]. As explained below, Nicosia's EEO complaint was untimely, and the court declines to extend the 45-day deadline under 29 C.F.R. § 1614.105(a)(2) or under equitable tolling. Accordingly, the court grants defendant's motion to dismiss and dismisses the complaint for failure to exhaust administrative remedies.

I.

Nicosia worked as a registered dental hygienist for the Department of the Navy from

November 6, 1995, until being terminated on December 12, 2014. See Compl. [D.E. 1] ¶¶ 12–13. When defendant terminated Nicosia's employment, Nicosia was age 53. See id. ¶ 13.

On May 12, 2015, Nicosia filed an EEO complaint alleging age discrimination. See id. ¶ 6. On June 10, 2015, defendant dismissed Nicosia's EEO complaint as untimely because she first contacted an EEO Counselor 74 days after her employment was terminated, but 29 C.F.R. § 1614.105(a)(1) imposes a 45-day deadline. See id. ¶¶ 7–8. Nicosia appealed; however, on November 25, 2015, the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO") affirmed defendant's decision. See id. ¶ 10. The EEOC OFO held that Nicosia failed to timely initiate contact with an EEO counselor. Id.; see Nicosia v. Maybus, EEOC Appeal No. 0120152423, 2015 WL 9997315 (EEOC Nov. 25, 2015) (unpublished).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal and factual sufficiency of the complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80, 684 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013). A court need not accept as true a complaint's legal conclusions or unwarranted inferences, unreasonable conclusions, or arguments. Giarratano, 521 F.3d at 302 (quotation omitted); Iqbal, 556 U.S. at 678–79.

Civilian employees of the Department of the Navy must exhaust administrative remedies before filing suit under the ADEA. See 29 C.F.R. § 1614.103(a), (b)(1); Zografov v. Veterans Admin. Med. Ctr., 779 F.2d 967, 969–70 (4th Cir. 1985); Gaines v. McDonald, 152 F. Supp. 3d 464,

468 (M.D.N.C. 2015). Specifically, an aggrieved employee must "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). This regulatory requirement to contact an EEO counselor "functions as a statute of limitations." Iskander v. Dep't of Navy, 7 F. Supp. 3d 590, 593 (E.D.N.C. 2014). Nicosia's complaint, however, reveals that she waited 74 days after her termination to initiate contact with an EEO counselor. See Compl. ¶¶ 8, 13. Thus, the EEO complaint was untimely.

Notwithstanding her conceded untimeliness, Nicosia alleges that her EEO complaint "should withstand any timeliness issues" and that "good cause exists to allow Plaintiff's complaint to proceed pursuant to 29 C.F.R. Section 1614.105(a)(2)." Compl. ¶¶ 30, 32. In support, Nicosia notes that the EEOC regulations provide that the 45-day limitations period may be extended:

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

Nicosia bears the burden of demonstrating sufficient cause to extend the 45-day limitations period. See, e.g., Nealon v. Stone, 958 F.2d 584, 589 (4th Cir. 1992); Doe v. Brennan, 980 F. Supp. 2d 730, 736 (E.D. Va. 2013). Moreover, a plaintiff seeking to extend the 45-day deadline under 29 C.F.R. § 1614.105(a)(2) first must have presented all facts supporting such an extension to the agency and may not raise new arguments for the first time in a judicial filing in federal court. See, e.g., Doe, 980 F. Supp. 2d at 736.

Nicosia does not argue or plead any facts to show that she was not notified of the 45-day time limit and was not otherwise aware of it, or that she "was prevented by circumstances beyond ... her control from contacting the counselor within the time limits." 29 C.F.R. § 1614.105(a)(2).

3

Rather, Nicosia argued during the administrative proceedings, and reasserts here, that she only contacted an EEO counselor after hearing that a colleague had experienced similar alleged age discrimination. See Compl. ¶ 31. Thus, at most, Nicosia's allegation to support extending the 45-day deadline concerns only whether Nicosia "did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2).

The personnel action at issue in this case is Nicosia's termination from employment on December 12, 2014. Compl. ¶¶ 6, 13. Nicosia knew of her employment termination on the same date that it became effective. See id. This date is the key operative date under the EEOC regulations, which explicitly provide that the 45-day limitation period begins to run on "the effective date of the action." 29 C.F.R. § 1614.105(a)(1). A court may extend the 45-day period only in circumstances where plaintiff "did not know and reasonably should not have [] known" that the adverse employment action "occurred." Id. § 1614.105(a)(2).[1] Simply put, Nicosia's allegation that she learned of a co-worker who also alleged age discrimination is simply not a material fact that permits the court to extend the 45-day deadline. See, e.g., Guerrero v. Lynch, 621 F. App'x 755, 756 (4th Cir. 2015) (per curiam) (unpublished); Landino v. Sapp, 520 F. App'x 195, 198 (4th Cir. 2013) (per curiam) (unpublished); Webster v. Johnson, 126 F. App'x 583, 586–87 (4th Cir. 2005) (per curiam) (unpublished); Young v. Barnhart, 52 F. App'x 191, 193 n.4 (4th Cir. 2002) (per curiam) (unpublished); Hamilton v. 1st Source Bank, 928 F.2d 86, 88-89 (4th Cir. 1990) (en banc); Olson v. Mobil Oil Corp., 904 F.2d 198, 200 (4th Cir. 1990); D'Antonio v. Napolitano, No. 1:11-CV-1295, 2012 WL 1580091, at *5 (E.D. Va. May 4, 2012) (unpublished); Hopes v. Roche, No. RDB-04-

---

[1] For example, the tolling provision could apply in a non-selection case where the plaintiff did not learn of her non-selection until sometime after the effective date of the non-selection. See, e.g., Medlock v. Rumsfeld, 336 F. Supp. 2d 452, 463 (D. Md. 2002). It would not apply where, as in the present case, a plaintiff knew that the adverse employment action had occurred, but alleges that she did not feel that she had good cause to lodge a complaint until she later became aware of a similar claim of discrimination by another employee.

4

2963, 2005 WL 1812820, at *6 (D. Md. Aug. 2, 2005) (unpublished). Thus, Nicosia's failure to timely consult an EEO counselor requires dismissal of her ADEA claim for failure to exhaust administrative remedies. See, e.g., Zografov, 779 F.2d at 968–69.

Alternatively, even if the court were to apply a broader motive-discovery rule to the facts alleged in Nicosia's complaint, Nicosia possessed ample suspicion of a possible discriminatory motive behind her termination without the information she later allegedly learned from her former colleague. Nicosia claims that she had no problems or complaints at work until a new supervisor arrived in August 2013. Compl. ¶¶ 14–15. However, as early as October 2013 (over a year before her termination), Nicosia requested to be transferred to another clinic "based on perceived discriminatory acts" of this new supervisor. Compl. ¶ 18. Nicosia also alleges that, in the months leading up to her termination, she was counseled or disciplined for cleaning patients' teeth in less than the allotted hour, and sweeping the floor while a patient was seated in the examination room, while fully aware that younger employees were not counseled or disciplined for the same conduct. See Compl. ¶¶ 16, 19–20, 25. Nicosia's administrative filings also reveal additional instances of allegedly discriminatory motivations of which she was aware, including being excluded from work-related events to which the younger employees were invited. Nicosia, 2015 WL 9997315, at *1–2. Accordingly, Nicosia's pleadings establish that a reasonable person would have suspected a possible discriminatory motive behind her termination contemporaneous with its occurrence. Thus, the court upholds the EEOC's dismissal of plaintiff's charge of age discrimination as untimely and declines to extend the 45-day deadline under 29 C.F.R. § 1614.105(a)(2). Similarly, the court declines to apply equitable tolling. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Chattopadhyay v. Thompson, 55 F. App'x 643, 644 (4th Cir. 2003) (per curiam) (unpublished).

II.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 11] and DISMISSES plaintiff's complaint for failure to exhaust administrative remedies. The clerk shall close the case.

5

SO ORDERED. This **13** day of September 2016.

                                                JAMES C. DEVER III
                                                Chief United States District Judge